**In re AAA PRODUCE COMPANY, INC., d/b/a Mr. Service, Debtor.**

**Bankruptcy No. 86–00507(3).**

United States Bankruptcy Court, E.D. Missouri, E.D.

March 5, 1986.

Leslie A. Davis, Clayton, Mo., for debtor.

Irving H. Levy, Chicago, Il., for Interfinancial.

## ORDER

JAMES J. BARTA, Bankruptcy Judge.

This matter coming to be heard on the Emergency Application of AAA Produce Company, Inc., Debtor and Debtor-In-Possession ("Debtor"), to Borrow Money and to Grant Security Interest, ("Application"), the Court having been advised in the premises, the Court hereby enters the following Findings and Order:

THE COURT HEREBY FINDS THAT:

1. The Application is deemed to have been made "in good faith" within the meaning of Section 364(e) of the Bankruptcy Code.

2. On or about March 3, 1986, Debtor filed its petition for reorganization under Chapter 11 of the Bankruptcy Code ("Code"). Pursuant to Sections 1107 and 1108 of the Code, Debtor retains possession of its assets and is authorized, as Debtor-In-Possession to continue the operation and management of its business.

3. From time to time prior to the institution of these proceedings, Debtor borrowed money upon a secured lending basis from Interfinancial Corporation ("Interfinancial"). At the time of the filing of the petition for reorganization under Chapter 11, Debtor was indebted to Interfinancial in the approximate amount of $614,478.87 ("Interfinancial Pre-Petition Debt"). The Interfinancial Pre-Petition Debt was secured by collateral (the Pre-Petition Collateral") described in a certain Loan and Security Agreement dated as of February, 1985, a copy of which is attached hereto as Exhibit A. ("Pre-Petition Loan and Security Agreement".) The Pre-Petition Collateral included the personal property described in Exhibit "B" attached hereto ("the Pre-Petition Collateral").

4. No other party is known to claim an interest in the Pre-Petition Collateral.

5. The Debtor has provided such notice of this Application and the hearing to be held thereon as is practicable under the circumstances to Interfinancial, by giving Interfinancial telephonic notice of this Application.

6. This matter is a "core proceeding" within the meaning of Section 157(b) of the Bankruptcy Amendments and Federal Judgeship Act of 1984 ("BAFJA"). This Order is a "final order" within the meaning of Section 157 of BAFJA.

7. The ordinary and customary business activities of the Debtor consist of the wholesale distribution of fresh fruit and produce and the Debtor employs approximately fifty (50) employees. In order to continue the operation of its business, it will be necessary for it to continue to utilize the financial accommodations provided by Interfinancial and to borrow money and otherwise be extended credit for the payment of wages, salaries, operating expenses, the purchase of inventory and supplies, and other legitimate corporate purposes incurred in the ordinary course of its business.

8. Debtor has stated that it is unable to obtain, in the ordinary course of business or otherwise, unsecured credit allowable under Sections 364(a) and 364(b)(1) of the Bankruptcy Code as an administrative expense. An emergency situation exists in that the Debtor's inability to immediately obtain credit or financing will necessitate the termination of its business.

9. Interfinancial has indicated a willingness to lend money and extend credit to the Debtor as Debtor-In-Possession upon the terms and conditions set forth in the Loan and Security Agreement, Exhibit A to the Application, with such loans, extensions of credit and other indebtedness of the Debtor-In-Possession constituting "Post-Petition Indebtedness."

10. Entry of this Order is in the best interests of the estate.

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. All terms used in this Order shall have those meanings given to them in the Application of the Debtor referred to above, unless otherwise defined herein.

2. Debtor is authorized to borrow money and seek other financial accommodations from Interfinancial pursuant to the terms and conditions of the Application, the Loan and Security Agreement attached thereto as Exhibit A, and this Order.

3. All such loans, extensions of credit and any other indebtedness which may from time to time hereafter be entered into by Debtor or the Debtor-In-Possession with Interfinancial shall be secured by a first lien conferred by operation of Section 364(c)(2) of the Code on the following pre-petition and post-petition property of the Debtor and Debtor-In-Possession as set out in Exhibit B to this Order, subject to valid and perfected liens and security interests existing on the date of filing of the Chapter 11 petition. Debtor is authorized and directed to execute and deliver to Interfinancial any and all documents necessary or required to evidence the terms and conditions of Interfinancial's continued financing and Debtor shall make appropriate entries upon its financial statements and records

disclosing Interfinancial's security interest in and assignment and pledge of the Collateral.

4. If it shall be necessary for Interfinancial to exercise its rights under the Loan and Security Agreement attached to the Application as Exhibit "A", in order to effect repayment of any loans or extensions of credit, or interest hereon, made by Interfinancial to the Debtor, Interfinancial shall have the right, subject to the Bankruptcy Code and prior approval of this Court in this proceeding, (after notice to Debtor, any official Creditors Committee hereafter appointed in this proceeding) to exercise the rights granted it under such Agreement as to all or such part of the property and interests in which liens and security interests are granted by such Agreement as Interfinancial shall, in its sole discretion, elect.

5. All post-petition loans and extensions of credit between Debtor and/or Debtor-In-Possession and Interfinancial authorized by this Order shall be granted an administrative expense priority as set out at Section 11 U.S.C. § 364(b).

6. Interfinancial shall be given at least five (5) days prior notice and an opportunity for a hearing in advance of any granting to any other party of any senior or equal security interests or liens or of any proceeding which may result in the emergence of such senior or equal lien by operation of law.

7. Proceeds of payments received by Interfinancial with respect to Pre-Petition Collateral shall be remitted to Interfinancial in accordance with the terms and conditions of the Loan and Security Agreement and shall be applied by Interfinancial first to the Interfinancial Pre-Petition Debt (as those terms are defined herein), including all accrued and accruing interest and expenses owing by Debtor to Interfinancial.

8. Proceeds or payments received by Interfinancial with respect to the Post-Petition Collateral arising after the date of the Petition shall be remitted to Interfinancial in accordance with the terms and condi-

tions of the Loan and Security Agreement and shall be applied to the Post-Petition Indebtedness of Debtor-In-Possession, including accrued and accruing interest.

9. The obligations incurred under the secured financing shall bear interest at the rate or rates set forth in the Loan and Security Agreement and such interest shall be paid monthly when billed.

10. Agreements by Interfinancial to lend money or otherwise extend credit by the Debtor to borrow money and seek financial accommodations contained in any security agreement, instrument or document now or from time to time hereafter executed by the Debtor and delivered to Interfinancial may be terminated by Interfinancial or the Debtor without cause at any time subject to the provisions of the Bankruptcy Code, *provided, however,* that the obligations and rights of Interfinancial and the Debtor with respect to all transactions which occurred prior to such termination shall remain unimpaired and unaffected by any such termination and shall survive such termination.

11. The provisions of this Order or any Order entered in connection with the Application shall inure to the benefit of and be binding upon Interfinancial, Debtor and their respective successors and assigns (including any Trustee hereinafter appointed as a representative of the estate in this or any subsequent proceeding under the Code).

12. The reversal or modification on appeal of an authorization under this section to obtain credit or incur debt, or of a grant under this section of a priority or a lien, does not affect the validity of any debt so incurred, or any priority or lien so granted, to an entity that extended such credit in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and the incurring of such debt, or the granting of such priority or lien, were strayed pending appeal.

13. This Order is a "final order" within the meaning of Section 157 of BAFJA.

14. Notice of this Order shall be given to Interfinancial and the Debtor's twenty (20) largest creditors. Any party in interest may object to this Order within ten (10) days from the date of this Order. If any objections are timely presented, the Court will set for hearing those objections. Objections shall be in writing and shall be served upon the attorney for Interfinancial, Irving H. Levy, 208 South LaSalle Street, Chicago, Illinois 60604; and Leslie A. Davis, 7777 Bonhomme, Suite 1808, Clayton, Missouri 63105, the attorney for the Debtor-In-Possession, no later than 5:00 p.m. on March 17, 1986.

### ORDER

Upon the Debtor's request, an expedited hearing was conducted on March 6, 1986 to consider a request for a secured borrowing. Upon consideration of the record as a whole, including the testimony presented at said hearing, the Court announced certain findings and conclusions and orders from the bench, to-wit: that the Debtor-In-Possession has been unable to obtain unsecured credit; and that if an immediate loan is not obtained, the Debtor will be forced to close its doors by March 8, 1986; and that the Debtor is in urgent need to obtain operating funds to be used to purchase inventory for its daily wholesale produce sales; and that the record has established that operating monies will not be available without the use of unencumbered assets as collateral; and that the record at this early stage in this Reorganization case suggests that there is a reasonable possibility of successful rehabilitation if the Debtor's business is allowed to continue in this case; and that the emergency nature of this request warrants an expedited hearing on limited notice to creditors; therefore, cause having been shown,

IT IS ORDERED that this hearing be concluded; and that the Debtor's request to amend this Court's order entered on March 5, 1986 is granted; and that in addition to the secured, priority status granted to Interfinancial Corporation ("Interfinancial") by the order entered on March 5, 1986, said creditor is granted a priority as set out at Section 364(c) of Title 11 of the Bankruptcy Code and subject to the following limitations:

That said additional priority shall extend only to loaned amounts equal to eighty percent (80%) of the Debtor's Daily Sales, but not more than $20,000.00 each day, and that said additional priority shall extend to such loans as are made each day on and after the date and time of this order, and that such additional priority shall extend only to post-petition collateral.